**CIVIL MINUTES – GENERAL**     **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09312-CAS-GJSx | Date | April 19, 2021 |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN ET AL V. HACKNEY | | |

Present: The Honorable     CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Michael Jung | Not Present |

**Proceedings:**     PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Dkt. 12, filed March 8, 2021)

## I.     INTRODUCTION

On October 9, 2020, plaintiffs Trustees of the Southern California IBEW-NECA Pension Plan, Trustees of the Southern California IBEW-NECA Defined Contribution Trust Fund, Trustees of the Southern California IBEW-NECA Health Trust Fund, Trustees of the Southern California IBEW-NECA Supplemental Unemployment Benefit Trust Fund, Trustees of the Los Angeles County Electrical Educational and Training Trust Fund, Trustees of the National Electrical Benefit Fund ("NEBF"), Trustees of the Southern California IBEW-NECA Labor-Management Cooperation Committee ("So. Cal. LMCC"), Trustees of the National NECA-IBEW Labor-Management Cooperation Committee Trust Fund ("National LMCC") (collectively, "Trustees"), Administrative Maintenance Fund, Contract Compliance Fund, and Los Angeles Electrical Workers Credit Union (collectively, "plaintiffs") brought this action against defendant Anthony Louis Hackney, an individual doing business as "C & T Electrical and Communications" ("Hackney"). Dkt. 1 ("Compl."). The complaint asserts claims for (1) breach of written collective bargaining agreements and related trust agreements; and (2) violation of section 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145.

Plaintiffs served Hackney with the summons and complaint by personal service on October 28, 2020, and by mail on November 3, 2020. Dkt. 9. Hackney failed to answer the complaint, and on December 16, 2020, plaintiffs requested the Clerk of Court to enter default against Hackney. Dkt. 10. Pursuant to plaintiffs' request, the Clerk entered default on December 18, 2020. Dkt. 11. On March 8, 2021, plaintiffs filed the instant motion for default judgment. Dkt. 12 ("Mot."). Plaintiffs served Hackney with the motion for default judgment by mail on March 9, 2021. Dkt. 18. Plaintiffs' motion was unopposed.

**CIVIL MINUTES – GENERAL**       **'O'**

| | |
|---|---|
| Case No. | 2:20-cv-09312-CAS-GJSx     Date    April 19, 2021 |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN ET AL V. HACKNEY |

Having carefully reviewed the motion and plaintiffs' supporting declarations, the Court finds and concludes as follows.

## II.    BACKGROUND

Trustees are trustees of express trusts ("Trusts") that provide pension, health, and other benefits to employees in the electrical industry. See Compl. ¶ 5. Except for the NEBF and the National LMCC, the Trusts were created pursuant to written declarations of trust between various chapters of the International Brotherhood of Electrical Workers ("IBEW"), including Local No. 11 ("Local 11"), and various chapters, including the Los Angeles County chapter, of the National Electrical Contractors Association ("NECA"), an employer association in the electrical industry in Southern California. Id. The NEBF and the National LMCC were created pursuant to written declarations of trust between the National Union of IBEW and the National NECA. Id. The written declarations are collectively referred to as the "Trust Agreements." The Trusts (except for the So. Cal. LMCC and the National LMCC) are labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5). Id. Trustees (except for the Trustees of the So. Cal. LMCC and the National LMCC) are "fiduciaries" to the Trusts as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Id.[1]

### A.    Hackney's Contractual Obligations

On approximately August 14, 2019, Hackney executed a written letter of assent, whereby he agreed to be bound by a collective bargaining agreement between the Los Angeles County Chapter of NECA and Local 11 known as the Inside Wiremen's Agreement ("Master Agreement"). Id. ¶ 7; Dkt. 13, Declaration of Raul Rodriguez ("Rodriguez Decl.") ¶ 9. The terms and provisions of the Trust Agreements are incorporated by reference into the Master Agreement, and pursuant to the terms of the Master Agreement, Hackney expressly agreed to be bound by the written terms of the Trust Agreements. Compl. ¶ 11; Rodriguez Decl. ¶ 9; see also Rodriguez Decl., Ex. F § 7.52

---

[1] The Court notes that several plaintiffs—namely, the Trustees of the So. Cal. LMCC, the Trustees of the National LMCC, the Los Angeles Electrical Workers Credit Union, the Administrative Maintenance Fund, and the Contract Compliance Fund—are not labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:20-cv-09312-CAS-GJSx | Date | April 19, 2021 |
|----------|------------------------|------|----------------|
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN ET AL V. HACKNEY | | |

(Master Agreement). The Master Agreement and Trust Agreements are collectively referred to as the "Agreements."

The Agreements obligate Hackney to prepare and deliver monthly fringe benefit contribution reports to plaintiffs on a timely basis and to pay said contributions on a monthly basis at the appropriate hourly rates for all applicable employees. Compl. ¶ 15; Rodriguez Decl. ¶ 10. Contributions are delinquent if they are not received by the Trusts by the 15th day of each month following the month in which the contributions accrued. Compl. ¶ 15; Rodriguez Decl. ¶ 11.

Pursuant to the Agreements, delinquent employers who fail to timely pay contributions are required to pay the Trusts liquidated damages, interest, legal and auditing fees, attorneys' fees, and court costs. Compl. ¶¶ 20, 22–24; Dkt. 16, Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Default Judgment ("Memo.") at 5. Pursuant to the Agreements, in the event of a delinquency, liquidated damages are to be assessed at 1.5% of the delinquent fringe benefit contributions for the first 30 days of the delinquency; 3% of the delinquent contributions for the next 30 days; and an additional 1.5% per month of the delinquent contributions thereafter up to a maximum of 18% or $10.00 for each month late, whichever is greater. Memo. at 9; Rodriguez Decl. ¶ 16. The Trust Agreements further provide that in the event a lawsuit is filed to collect the delinquent contributions, liquidated damages are to be assessed at 20%. Rodriguez Decl. ¶ 16. The Agreements also obligate Hackney to pay interest on unpaid contributions at 8% per annum,[2] Memo. at 8; Rodriguez Decl. ¶ 14, as well as attorneys' fees and costs, Memo. at 5.

## B.    Hackney's Delinquent Contributions

Based on Hackney's monthly reports for the months of August 2019, September 2019, February 2020, March 2020, and May 2020, Hackney owes the Trusts $9,865.90 in fringe benefit contributions. Rodriguez Decl. ¶ 13; see also id. Ex. G (Hackney's monthly reports).

---

[2] Though the Master Agreement is silent as to the exact interest rate to be assessed in the event of delinquency, as noted *supra*, the Master Agreement incorporates by reference the Trust Agreements. Accordingly, the Court will consider interest at 8% per annum, pursuant to the Trust Agreements.

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:20-cv-09312-CAS-GJSx | Date | April 19, 2021 |
|---|---|---|---|
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN ET AL V. HACKNEY | | |

Plaintiffs brought suit to recover this delinquent amount, plus associated damages, fees, and costs. Plaintiffs now move for entry of default judgment on these claims.

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp., Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Ent. Inc. v. Elias, No. CV03-6387DT(RCX), 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

## IV. DISCUSSION

Plaintiffs seek default judgment against Hackney for unpaid fringe benefit contributions, prejudgment interest, liquidated damages, attorneys' fees (including litigation expenses) and costs, plus post-judgment interest. Memo. at 21.

### A. Application of the Eitel Factors

#### 1. Risk of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09312-CAS-GJSx | Date | April 19, 2021 |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN ET AL V. HACKNEY | | |

(C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. Given Hackney's failure to pay the contributions due, the Trustees will suffer prejudice because they "will likely be without other recourse for recovery" if default judgment is not entered. PepsiCo, 238 F. Supp. 2d at 1177; see also Bd. of Trustees of the Clerks v. Piedmont Lumber & Mill Co., No. C 10-1757 MEJ, 2010 WL 4922677, at *4 (N.D. Cal. Nov. 29, 2010) (plaintiffs would suffer prejudice in the absence of a default judgment because if the "contributions are not covered, future benefits for Plan participants and their beneficiaries may be put at risk if the Plan is under funded"). Accordingly, the first Eitel factor weighs in favor of entering default judgment against Hackney.

## 2. Sufficiency of the Complaint and the Likelihood of Success on the Merits

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). The Court separately addresses the substantive merits and sufficiency of plaintiffs' two claims.

### i. Breach of Contract Claim

Plaintiffs seek entry of default judgment against Hackney as to their breach of contract claim. See Memo. at 3–4, 21. To prevail on a claim for breach of contract, plaintiffs must establish: "(1) the existence of the contract, (2) plaintiff[s'] performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011) (citations omitted). A valid contract requires capable, consenting parties, a lawful object, and sufficient cause or consideration. Mountain View Surgical Ctr. v. Cigna Health Corp., No.

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:20-cv-09312-CAS-GJSx | Date | April 19, 2021 |
| --- | --- | --- | --- |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN ET AL V. HACKNEY | | |

2:13-cv-08083-DDP-AGR, 2015 WL 519066, at *2 (C.D. Cal. Feb. 9, 2015) (citing Cal. Civ. Code § 1550).

Plaintiffs sufficiently allege the existence of contracts, attaching to the Rodriguez Declaration a copy of Hackney's letter of assent to be bound by the Master Agreement and the various Trust Agreements incorporated by reference into the Master Agreement, all of which: (1) bind Hackney to collective bargaining agreements; and (2) obligate Hackney to pay fringe benefit contributions to the Trusts. See Ex. E (Hackney's letter of assent); Ex. F (Master Agreement); Exs. A, B, C, D (Trust Agreements). Plaintiffs also allege that "there is no pending unsatisfied condition subsequent or legal excuse for [Hackney's] violation" of his contractual obligations. Compl. ¶ 32. Plaintiffs further allege that Hackney has failed to comply with his obligations under the Agreements by "failing to pay or timely pay … to Plaintiffs fringe benefit contributions … as required by" the Agreements. Id. ¶ 16. According to plaintiffs, Hackney's failure to perform has caused resulting damages to plaintiffs in the form of unpaid fringe benefit contributions, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and other costs. Id. at 11–12. There is no indication of lack of consent or any other grounds for excusing Hackney's nonperformance. Taking these allegations as true, plaintiffs have stated a claim for breach of contract on which they may recover. Accordingly, these factors weigh in favor of entry of default judgment against Hackney on the breach of contract claim.

### ii. ERISA Claim

Plaintiffs also assert that Hackney's failure to report and pay contributions to the Trusts violates section 515 of ERISA, 29 U.S.C. § 1145.[3] Id. ¶¶ 27–34. To prevail on their ERISA claim, plaintiffs must establish that: "(1) the Trusts are multi-employer plans under 29 U.S.C. § 1002(37); (2) the collective bargaining agreement obligated Defendant to make the employee benefit contributions; and (3) Defendant failed to make the contribution payments pursuant to the collective bargaining agreement." Bd. of Trustees of the Laborers

---

[3] Plaintiffs bring suit pursuant to section 502(g)(2) of ERISA, Compl. ¶ 33, which provides a private right of action for fiduciaries of ERISA employee benefit funds, 29 U.S.C. § 1132(g)(2).

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09312-CAS-GJSx | | Date | April 19, 2021 |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN ET AL V. HACKNEY | | | |

Health v. Aparicio, No. 15-CV-04131-TEH, 2016 WL 806307, at *3 (N.D. Cal. Mar. 2, 2016) (punctuation and citation omitted).

Here, plaintiffs allege that (1) the Trusts qualify as multiemployer plans within the meaning of 29 U.S.C. § 1002(37); (2) the Trusts were established pursuant to a series of collective bargaining agreements, which required Hackney to make fringe benefit contributions; and (3) Hackney breached those agreements by failing to timely pay contributions, as outlined *supra*. See Compl. ¶¶ 5, 7, 11, 15–17. Taken as true, these allegations are sufficient for plaintiffs to state a claim for violation of ERISA. See Trustees of S. Cal. IBEW-NECA Pension Plan v. Pro Tech Eng'g Corp., No. SACV 150637-DOC (Ex), 2017 WL 10573806, at *3 (C.D. Cal. Aug. 28, 2017) (finding default judgment appropriate as to applicant's section 515 claim because "[p]laintiff has sufficiently alleged that [defendant] was obligated to, and failed to, make contributions to multiemployer plans under the terms of the [t]rust [a]greements"). Accordingly, these factors also weigh in favor of default judgment against Hackney as to plaintiffs' ERISA claim.

### 3.     Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Here, plaintiffs request a total of $19,874.09, consisting of $9,865.90 for unpaid fringe benefit contributions, $1,172.91 for prejudgment interest, $1,973.18 for liquidated damages, $6,372.10 for attorneys' fees (including litigation expenses), and $490.00 for costs, plus post-judgment interest. Memo. at 21. Accordingly, the amount requested does not weigh against the entry of default judgment. See Pro Tech Eng'g Corp., 2017 WL 10573806, at *3 (finding requested award of $88,397.73 in ERISA case, including "$54,391.26, interest of $7,006.98 on the unpaid contributions, liquidated damages of $10,878.24, and audit fees of $16,121.2" did not weigh against entry of default judgment because "[t]he damages Plaintiff seeks are proportional to the harm caused by Defendant

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09312-CAS-GJSx | Date | April 19, 2021 |
|---|---|---|---|
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN ET AL V. HACKNEY | | |

… because [Defendant] was contractually obligated to pay the contributions, and payment of the interest, attorney's fees, costs, and liquidated damages are mandated by ERISA.") (citing 29 U.S.C. § 1132(g)). Accordingly, this factor weighs in favor of entering default judgment against Hackney.

### 4. Possibility of a Dispute Concerning a Material Fact

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177. Here, plaintiffs "filed a well-pleaded complaint alleging the facts necessary to establish [their] claims, and the court clerk entered default against" Hackney. See Philip Morris USA, Inc. v. Castworld Prod. Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Accordingly, "no dispute has been raised regarding the material averment of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." Id.; see also Elektra, 226 F.R.D. at 393. Accordingly, the Court concludes that this factor favors entry of default judgment against Hackney.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether the defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. The possibility of excusable neglect here is remote. Hackney was served with the summons and complaint by personal service on October 28, 2020, and by mail on November 3, 2020. Dkt. 9. Default was entered on December 18, 2020. Dkt. 11. Hackney was also served with plaintiffs' motion for default judgment on March 9, 2021. Dkt. 18. Hackney has neither responded to this action nor attempted to have the default set aside. Where a defendant "[is] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," there is little possibility of excusable neglect. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Accordingly, this factor weighs in favor of entry of default judgment against Hackney.

### 6. Policy Favoring Decisions on the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. Of course, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (citation omitted). A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09312-CAS-GJSx | Date | April 19, 2021 |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN ET AL V. HACKNEY | | |

party's failure to answer or appear makes a decision on the merits impractical, if not impossible. Id. "Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant's failure to appear and respond 'makes a decision on the merits impractical, if not impossible,' default judgment is appropriate. Constr. Laborers Tr. Funds for S. Cal. Admin. Co. v. Black Diamond Contracting Grp., Inc., No. S8:17-cv-00770-JLSDFM, 2017 WL 6496434, at *5 (C.D. Cal. Dec. 18, 2017). Hackney's failure to appear or otherwise respond makes a decision on the merits in this case "impractical, if not impossible." As a result, this factor does not preclude the entry of default judgment against Hackney.

**7.    Conclusion Regarding Eitel Factors**

Apart from the policy favoring decisions on the merits, all the remaining Eitel factors weigh in favor of default judgment, including the merits of plaintiffs' claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all the Eitel factors, the Court finds that entry of default judgment against Hackney is appropriate.

**B.    Relief Sought by Plaintiffs**

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (quotation marks omitted). The "[p]laintiff has the burden of proving damages through testimony or written affidavit." See Bd. of Trustees of the Boilermaker Vacation Tr. v. Skelly, Inc., 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Moreover, the movant seeking default judgment must prove the damages sought, and although the Court may hold an evidentiary hearing to determine the amount of damages, no hearing is necessary "if the amount of damages can be determined from definite figures contained in the documentary evidence or in detailed affidavits." Bravado Int'l Grp. Merch. Servs., Inc. v. Quintero, No. 2:13-cv-00693-SVW-SS, 2013 WL 12126750, at *4 (C.D. Cal. Nov. 27, 2013) (citation omitted). ERISA, however, mandates an award of the following relief in cases where an employer fails to make contributions to a plan:

(A) the unpaid contributions,

**CIVIL MINUTES – GENERAL**    **'O'**

| | |
|---|---|
| Case No. | 2:20-cv-09312-CAS-GJSx    Date    April 19, 2021 |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN ET AL V. HACKNEY |

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of—

> (i) interest on the unpaid contributions, or

> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g).  The Court evaluates each form of plaintiffs' requested relief in turn.

### 1.    Unpaid Contributions

Plaintiffs seek a total of $9,865.90 in unpaid fringe benefit contributions owed by Hackney for the months of August 2019, September 2019, February 2020, March 2020, and May 2020.  Memo. at 4–5; Rodriguez Decl. ¶ 13.  This amount is calculated based on monthly reports authored by Hackney for the months at issue.  Memo. at 4–5; Rodriguez Decl. ¶ 13; see also Ex. G.  The Court finds this documentation sufficient to prove up the amount requested.

### 2.    Prejudgment Interest and Liquidated Damages

The Ninth Circuit has held that an award of liquidated damages pursuant to ERISA § 502(g)(2) is "mandatory and not discretionary."  Operating Eng'rs Pension Tr. v. Beck Eng'g & Surveying Co., 746 F.2d 557, 569 (9th Cir. 1984) (citing 29 U.S.C. § 1132(g)(2)). A plaintiff is entitled to mandatory liquidated damages if the following requirements are satisfied: (1) the fiduciary obtains a judgment in favor of the plan; (2) unpaid contributions exist at the time of the suit; and (3) the plan provides for liquidated damages.  Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989).  As discussed *supra*, the Agreements were breached by Hackney; unpaid contributions were owed to the Trusts when the action was filed on October 9, 2020; and the Trust Agreements provide for liquidated damages calculated at 20% of the total sum of contributions owed.  Memo. at 9; Rodriguez Decl. ¶ 16; see also Exs. A–D. Accordingly, liquidated damages are mandatory.  In addition, under ERISA, plaintiffs may

**CIVIL MINUTES – GENERAL**     **'O'**

| | |
|---|---|
| Case No. | 2:20-cv-09312-CAS-GJSx     Date     April 19, 2021 |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN ET AL V. HACKNEY |

recover interest based on the rate set by the Trust Agreements. See Nw. Adm'rs, Inc. v. AD Auto. Distributors Inc., No. C-05-2880 SC, 2006 WL 1626940, at *5 (N.D. Cal. June 12, 2006) (citing 29 U.S.C. § 1132(g)(2)(C)(i)).

Here, plaintiffs request $1,973.18 in liquidated damages based on the unpaid contributions. Memo. at 9; Rodriguez Decl. ¶ 17. Plaintiffs further seek prejudgment interest on the unpaid contributions, calculated at 8% from the date the contributions became due through April 19, 2021 (the date of the hearing on this motion), in the amount of $1,172.91. Memo. at 8; Rodriguez Decl. ¶ 15; see also Ex. H (spreadsheet of accrued interest). The Court finds that plaintiffs have sufficiently proved the amount of liquidated damages and accrued interest. Plaintiffs are thus entitled to $3,146.09 in total liquidated damages and accrued interest.

### 3.     Fees and Costs

Plaintiffs also seek $6,372.10 in attorneys' fees, including hourly fees of $6,219.00 and litigation expenses of $153.10, plus court costs of $490.00, pursuant to the terms of the Agreements. Memo. at 9. ERISA provides for a mandatory award of "reasonable attorney's fees and costs of the action, to be paid by the defendant[.]" 29 U.S.C. § 1132(g)(2)(D). Pursuant to Local Rule 55-3, however, attorneys' fees awarded upon default judgment are generally calculated according to a fee schedule based upon the amount of the judgment awarded. See C.D. Cal. L.R. 55-3. For a judgment between $10,000 and $50,000, the corresponding attorneys' fees are $1,200.00 plus 6% of the amount over $10,000. Id. Here, the Court has already determined that a judgment of $19,874.09 is appropriate. Accordingly, the fee schedule set forth in Local Rule 55-3 would result in an award of $2,392.45 ($1,200.00 plus 6% of $19,874.09).

Plaintiffs, however, request that the Court fix fees in an amount in excess of this fee schedule. See Memo. at 13–15. The Ninth Circuit has held that "[i]f a party seeks a fee 'in excess of' the schedule and timely files a written request to have the fee fixed by the court, then the court must hear the request and award a 'reasonable' fee." Vogel v. Harbor Plaza Ctr., LLC, 893 F.3d 1152, 1159 (9th Cir. 2018). "The Ninth Circuit has expressly held that the standard for determining the amount of attorney's fees in ERISA cases is the lodestar/multiplier approach." Motion Picture Indus. Pension Plan v. Klages Grp., Inc., 757 F. Supp. 1082, 1087 (C.D. Cal. 1991). Under this approach, the Court calculates the attorneys' fees "by multiplying the number of hours reasonably expended on the litigation

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:20-cv-09312-CAS-GJSx | Date | April 19, 2021 |
|---|---|---|---|
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN ET AL V. HACKNEY | | |

by a reasonable hourly rate." <u>Vogel,</u> 893 F.3d at 1160 (citation, emphases, and quotation marks omitted).

Here, plaintiffs calculate the $6,219.00 in requested attorneys' fees based on 23.10 hours of professional services rendered, using a range of $300.00 to $390.00 per hour for attorneys, and a rate of $120.00 per hour for paralegals. <u>See</u> Dkt. 14, Declaration of Michael Y. Jung in Support of Motion for Default Judgment ("Jung Decl.") ¶ 3. Plaintiffs support these figures with evidence in the form of billing records. <u>See</u> Dkt. 14-1. In connection with a default judgment in another ERISA case, another court in this district recently approved an award of attorneys' fees based on hourly rates of $300.00 for attorneys and $115.00 for legal assistants, for 40.30 hours of professional services rendered. <u>See</u> <u>Teamsters Multi-Benefit Tr. Fund v. California Offset Printers, Inc.</u>, No. 2:18-cv-08996-AB-RAO, 2019 WL 3249605, at *4 (C.D. Cal. May 1, 2019); <u>see also generally</u> Dkt. 15, Declaration of Douglas Waite in Support of Motion for Default Judgment. Accordingly, the Court finds reasonable plaintiffs' request for $6,219.00 in attorneys' fees based on 23.10 hours of professional services rendered.

Plaintiffs also request an award of $153.10 in litigation expenses and $490.00 in court costs. Memo. at 9, 13. The $153.10 in litigation costs correspond to $3.75 related to copying, printing, and scanning costs; and $149.35 related to online research costs. Jung Decl. ¶ 6. The $490.00 in court costs correspond to $400.00 related to the filing of the complaint; and $90.00 related to the service of the summons and complaint. <u>Id.</u> The Court concludes that these fees are recoverable. <u>See</u> <u>Harlow v. Metro. Life Ins. Co.</u>, 379 F. Supp. 3d 1046, 1060 (C.D. Cal. 2019) (finding that "costs relating to the filing fee, service of process[,] certain photocopies, and subpoena fees" were recoverable as part of fee award in connection with default judgment in ERISA case).

### 4. Post-Judgment Interest

Plaintiffs also seek "post-judgment interest as provided by law from the date of entry of [default] judgment … until the date the judgment is paid in full." Memo. at 21. Because "ERISA does not expressly address the availability of post-judgment interest … the federal post-judgment statute, 28 U.S.C. § 1961, governs." <u>Bonilla v. Mutschler</u>, No. C 03-5771 CW (JL), 2004 WL 2623922, at *3 (N.D. Cal. Aug. 30, 2004), <u>report and recommendation adopted</u>, No. 03-05771 CW, 2004 WL 2623238 (N.D. Cal. Oct. 25, 2004) (citations omitted); <u>see also</u> <u>Quesinberry v. Life Ins. Co. Of North America</u>, 987 F.2d 1017, 1031 (4th Cir. 1993) ("While ERISA does not specifically address post-judgment interest, it does

| | CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|---|
| Case No. | 2:20-cv-09312-CAS-GJSx | Date | April 19, 2021 | |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN ET AL V. HACKNEY | | | |

provide that the statute is not to be construed to 'alter, amend, modify, invalidate, impair, or supersede any law of the United States.'") (citing 29 U.S.C. § 1144(d)). Accordingly, the Court finds the federal post-judgment statute, 28 U.S.C. § 1961, applicable in this case.

The federal post-judgment statute mandates an award of post-judgment interest in civil cases. 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Id. (alteration omitted). Plaintiffs are thus entitled to post-judgment interest calculated at the statutory rate.

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiffs' motion for default judgment.

The Court **ORDERS** that judgment be entered in favor of plaintiffs. Hackney shall be liable to plaintiffs in the amount of $19,874.09, which is comprised of $9,865.90 in unpaid fringe benefit contributions, $1,172.91 in prejudgment interest, $1,973.18 in liquidated damages, $6,219.00 in attorneys' fees, $153.10 in litigation expenses, and $490.00 in court costs, plus post-judgment interest in accordance with the rate set forth in 28 U.S.C. § 1961(a).

IT IS SO ORDERED.

| | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |